IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
(FAYETTEVILLE)

| | |
|---|---|
| CANDACE ERFORD <br> c/o The Law Office of Joseph Ledford <br> 301 S McDowell Street, Unit 912 <br> Charlotte, North Carolina 28204 <br><br> And <br><br> COLLEEN SZWABA <br> c/o The Law Office of Joseph Ledford <br> 301 S McDowell Street, Unit 912 <br> Charlotte, North Carolina 28204 <br><br> And <br><br> JONATHAN SEAMAN <br> c/o The Law Office of Joseph Ledford <br> 301 S McDowell Street, Unit 912 <br> Charlotte, North Carolina 28204 <br><br> *On Behalf of Themselves and* <br> *All Others Similarly Situated* <br><br> PLAINTIFFS, <br><br> v. <br><br> GOVERNMENT EMPLOYEES <br> INSURANCE COMPANY <br> D/B/A GEICO <br> 5260 Western Avenue <br> Chevy Chase, Maryland 20815 <br><br> DEFENDANT. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Case No.: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

***************************************************************************

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Candace Erford, Colleen Szwaba, and Jonathan Seaman ("Plaintiffs"),

individually and on behalf of all similarly situated employees, bring this Class and Collective

action lawsuit against Government Employees Insurance Company d/b/a GEICO ("GEICO"),

seeking to recover unpaid wages, statutory liquidated damages, and attorney's fees and costs arising out of Defendant's violations of the Federal Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"). Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs are each adult residents of North Carolina.

2. By acting as the named Plaintiffs in this action, Plaintiffs each hereby consent in the writing of the heading of this Complaint to act as a Class Action Class Representative and participate as Plaintiffs in an FLSA Collective Action.

3. GEICO is a corporation formed under the laws of the State of Nebraska.

4. At all times relevant to this action, GEICO has maintained its principal place of business in Chevy Chase, Maryland.

5. At all times relevant to this action, GEICO has operated substantially and continuously in Fayetteville, North Carolina, across the State of North Carolina, and in each of the 50 States of the United States.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA and properly confers supplemental jurisdiction over alleged common and interrelated state law claims seeking recovery of unpaid wages and damages under North Carolina law.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

8. GEICO is an enterprise engaged in commerce under the FLSA because material hereto it had an annual gross volume of sales more than $500,000.00.

9. At all times relevant, GEICO was Plaintiff's employer and the employer of all other similarly situated Region 7 Automobile and/or Residential Damage and/or Catastrophic Adjusters 1 and/or II and/or III ("hereinafter, "Region 7 Adjusters") as defined by the FLSA and applicable state law.

## FACTS

10. During the relevant period of at least August 2018 through the present ("the relevant period"), Plaintiffs have each been employed by GEICO as a Region 7 Adjuster.

11. During the relevant period, Plaintiffs primarily performed their work duties within the State of North Carolina and in or around Fayetteville, North Carolina and Greensboro, North Carolina.

12. During the relevant period, Plaintiffs typically and customarily performed compensable job duties for the benefit of GEICO Monday through Friday, from about 8:00 AM until about 5:30 PM – 6:30 PM, and earlier and later and as needed on weekends.

13. During the relevant period, Plaintiffs did not cease performing their compensable daily work duties for the benefit of GEICO during workdays for a 45-minute meal period, or a *bona fide* meal period of any significant length.

13. During the relevant period, GEICO paid Plaintiffs a flat weekly salary or at an hourly rate designed and intended to compensate Plaintiffs for 7.75 hours per day or 38.75 hours per week (8:00 AM – 4:30 PM, with no wages paid for a 45-minute meal period = 7.75 hours per day) * 5 days per week = 38.75 hours per week).

14. During the relevant period, GEICO directed Plaintiffs and other similarly situated Region 7 Adjusters to enter 7.75 hours of compensable time per day on employee time records to

ensure overtime and, by extension, time-and-one-half overtime wages would not be due and owing to non-exempt employees like Plaintiffs and other similarly situated Region 7 Adjusters.

15. Through GEICO company-wide policies and business practices, carried out through intimidation tactics and implied adverse employment consequences, GEICO successfully pressured Plaintiffs and other similarly situated Region 7 Adjusters to customarily enter 7.75 hours of compensable time per day notwithstanding that Plaintiffs and other similarly situated Region 7 Adjusters regularly and customarily worked more between 8-10 or more hours per day and, by extension, about 40-50 or more hours per week.

16. Through GEICO company-wide policies and business practices, GEICO instructed the supervisors for Plaintiffs and other similarly situated Region 7 Adjusters to inform Plaintiffs and other similarly situated Region 7 Adjusters that 7.75 hours per day was sufficient if Plaintiffs and other similarly situated Region 7 Adjusters were working hard and doing their job. This policy and strategy resulted in the logical conclusion that if Plaintiffs and/or any other similarly situated Region 7 Adjuster advised supervisors they worked more than eight (8) hours in a day, the additional working hours evinced poor work performance. Thus, GEICO created a company and class-wide policy and practice, reinforced by supervisors and GEICO company culture, that it was better for Plaintiffs and other similarly situated Region 7 Adjuster's career to stay quiet and allow GEICO to steal their hours/wages rather than speak up, complain about additional compensable work hours, and risk a poor workplace reputation, negative performance reviews, and risk additional negative workplace consequences.

17. At all times relevant, GEICO had actual knowledge through employee complaints, text messages, emails, internal employee chat or messaging programs, and other employee monitoring systems that GEICO's time sheet system and the content thereof was not

4

Case 2:21-cv-00035-M    Document 2    Filed 08/02/21    Page 4 of 12

accurate and that Plaintiffs and other similarly situated Region 7 Adjusters regularly and customarily worked more than eight (8) hours per day and more than forty (40) hours per week.

18. At all times relevant to this action, GEICO had actual or constructive knowledge and otherwise suffered or permitted Plaintiffs and other similarly situated Region 7 Adjusters to perform compensable work duties over eight (8) hours per day and more than forty (40) hours per week.

19. On some occasions, GEICO approved Plaintiffs and/or other similarly situated Region 7 Adjuster's compensable work exceeding 7.75 hours per day and/or 40 hours per week. These instances, customarily, occurred when GEICO directed Plaintiffs or other similarly situated Region 7 Adjusters to service additional GEICO customers. In these instances, GEICO paid Plaintiffs and/or other similarly situated Region 7 Adjusters for some, but not all compensable hours worked.

20. At all times relevant, GEICO had actual knowledge that it was obligated under the FLSA and North Carolina law to track and record Plaintiffs and other similarly situated Region 7 Adjuster's compensable hours accurately and with precision.

21. At all times relevant, GEICO had actual knowledge that its failure to track and record Plaintiffs and other similarly situated Region 7 Adjuster's compensable hours accurately and/or with precision was in direct violation of GEICO's FLSA and North Carolina law record keeping requirements.

22. At all times relevant, GEICO had actual knowledge that it was obligated to pay Plaintiffs and other similarly situated Region 7 Adjusters all wages due and owing for all hours Plaintiffs and other similarly situated Region 7 Adjusters worked each week and pay Plaintiffs and other similarly situated Region 7 Adjusters overtime wages at the time-and-one-half rate for

overtime Plaintiffs and other similarly situated Region 7 Adjusters worked over forty (40) hours each week.

23. At all times relevant, GEICO had actual knowledge that its failure to pay Plaintiffs and other similarly situated Region 7 Adjusters all wages due and owing for all hours Plaintiffs and other similarly situated Region 7 Adjusters worked each week and its failure to pay Plaintiffs and other similarly situated Region 7 Adjusters overtime wages at the time-and-one-half rate for overtime Plaintiffs and other similarly situated Region 7 Adjusters worked over forty (40) hours each week was in direct violation of GEICO's FLSA and North Carolina wage payment obligations.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiffs brings their Count for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated employees.

25. Similarly situated employees, for purposes of the FLSA collective action claims, include Region 7 Adjusters who work or have worked for GEICO as Region 7 Adjusters performing compensable work duties for GEICO's benefit in North Carolina, Virginia, and/or Tennessee at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who (i) were denied wages arising form GEICO's implementation and use of a forty-five (45) minute automatic daily meal break deduction; (ii) performed uncompensated employment duties for the benefit of GEICO that were off-the-clock and not recorded in GEICO's daily 7.75 hour compensable work allowance; and (iii) were not paid by GEICO at the time-and-one-half rate owed for all overtime worked over forty (40) hours per week as required by the FLSA time-and-one-half overtime compensation mandate.

26. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of the Plaintiffs and the Class Plaintiffs.

27.     Plaintiffs requests they be permitted to serve as representatives on behalf of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## NCWHA CLASS ACTION ALLEGATIONS

28.     Plaintiffs bring their North Carolina state law count for violations of the NCWHA pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated Region 7 Adjusters performing compensable work duties within the State of North Carolina, for relief to redress and remedy GEICO's wage withholding violations

29.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of the Plaintiff and the Class Plaintiffs.

30.     The proposed class includes those Region 7 Adjusters who work or have worked for GEICO as Region 7 Adjusters performing compensable work duties for GEICO's benefit in North Carolina at any time within the three (3) year period prior Plaintiffs' filing of this action who were (i) were denied wages arising form GEICO's implementation and use of a forty-five (45) minute automatic daily meal break deduction; (ii) performed compensable unpaid off-the-clock work duties not recorded in GEICO's daily 7.75 hour compensable work allowance; and (iii) who, arising from GEICO's meal break deduction and compensable time recording limitations, were not paid all wages owed by GEICO for all hours worked each week.

31.     The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of Class Plaintiffs is unknown to the Plaintiffs at this time, upon information and belief, each the proposed class comprises at least fifty (50) Region 7

Adjusters.

32. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that Plaintiff and all Class Plaintiffs have been harmed by GEICO's common and class-wide payroll practices of (i) automatically deducting a forty (45) minute daily meal period; and (ii) shaving compensable work hours exceeding 7.75 hours per shift, resulting in a common and class wide denial of payment of all wages earned and owing to Plaintiffs and all Class Plaintiffs for compensable hours worked each week.

33. The claims of Plaintiffs are typical of the claims of the Class Plaintiffs and the relief sought by the Plaintiffs is typical of the relief which would be sought by each of the Class Members in separate actions.

34. All Class Plaintiffs were subject to the same common and class-wide unlawful compensation practices perpetrated by GEICO, as alleged herein.

35. GEICO's common and class-wide unlawful compensation policies and practices affected and caused damages to Plaintiffs and all Class Plaintiffs similarly.

36. Plaintiffs and the Class Plaintiffs sustained similar losses, injuries, and damages arising from the same unlawful and class-wide payroll policies and practice perpetrated by GEICO.

37. Plaintiffs individually and collectively, can fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between any of the Plaintiffs and any of the Class Plaintiffs.

38. Plaintiffs have retained counsel who is experienced and competent in both wage

and hour law and complex class action litigation.

39. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Plaintiffs is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Plaintiffs may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Plaintiffs to redress the wrongs done to them.

## COUNT I
## VIOLATION OF THE FLSA OVERTIME COMPENSATION MANDATE

40. Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

41. Pursuant to the FLSA, employers must pay non-exempt employees such as Plaintiffs and the Class Plaintiffs at the rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week.

42. As set forth above, GEICO failed to pay Plaintiffs and the Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime Plaintiff sand the Class Plaintiffs worked over 40 hours per week.

43. GEICO had actual knowledge that its failure to pay Plaintiffs and the Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week was in direct violation of Plaintiffs and the Class Plaintiffs' FLSA overtime compensation rights.

44. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

45. Plaintiffs and the Class Plaintiffs seek to recover from GEICO of the following damages:

    a. Unpaid wages due and owing for compensable overtime work duties performed over forty (40) hours per week;

    b. Statutory liquidated damages;

    c. Attorneys' fees and costs; and

    d. All other legal and equitable relief as the Court deems just and proper.

## COUNT TWO
### Violation of the North Carolina Wage and Hour Act

46. Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

47. At all relevant times, GEICO employed Plaintiffs to perform compensable employment work duties in the State of North Carolina within the meaning of the NCWHA.

48. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8, and the accompanying regulation, 13 N.C. Admin. Code 12 § .0305(g), "If an employer withholds or diverts wages for purposes not permitted by law, the employer shall be in violation of G.S. 95-25.6 . . . even if the employee authorizes the withholding in writing pursuant to G.S. 95-25.8(a), because that authorization is invalid."

49. GEICO withheld Plaintiffs' wages "for purposes not permitted by law," as provided above, and are therefore liable for these unlawful withholdings.

50. GEICO unlawfully withheld and diverted funds from the compensation earned

by Plaintiffs for an improper purpose, to offset GEICO's business expenses, including, but not limited to, the cost of employing other workers, in direct violation of the NCWHA.

51. As a result of GEICO's unlawful policies and practices, Plaintiffs have been deprived of compensation due and owing.

52. Consistent with the above, GEICO failed to pay Plaintiffs all owed and earned wages, in violation of N.C. Gen. Stat. § 95-25.6.

53. GEICO owes Plaintiffs the following damages:

   a. Unlawfully withheld wages;

   b. Liquidated damages in an equal amount;

   c. Reasonable attorneys' fees and costs;

   d. Prejudgment interest; and

   e. All other legal and equitable relief as the Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, and all those similarly situated Region 7 Adjusters, collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Plaintiffs as the representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a Rule 23 Class Action under the NCWHA, and designate Plaintiffs as the representatives on behalf of all those similarly situated;

3. Award Plaintiffs and all those similarly situated Class Plaintiffs actual damages in the amount of all wages found due to Plaintiffs and those similarly situated Class Plaintiffs and an award of liquidated damages as provided by the FLSA and NCWHA;

4. Award Plaintiffs and all those similarly situated Class Plaintiffs pre- and post-judgment interest at the statutory rate;

5. Award Plaintiffs and all those similarly situated Class Plaintiffs attorneys' fees, costs, and disbursements; and

6. Award Plaintiffs and all those similarly situated Class Plaintiffs further legal and/or equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiffs request a jury trial on all issues so triable.

Dated:  August 2, 2021     Respectfully submitted,

    *Joseph L. Ledford*
Joseph L. Ledford, NC Bar No. 10397
The Law Offices of Joseph Ledford
301 South McDowell Street, Suite 912
Charlotte, North Carolina 28204
(704) 376-3686 (ph)
Email:  Josephlledford@yahoo.com

Gregg C. Greenberg, VA Bar No. 79610
(To be Admitted by Pro Hac Vice)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Attorneys for Plaintiffs and the Class/Collective*